UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **JAMES L. SHELDON** | : | **CIVIL ACTION NO.** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **DT SWISS AG** | : | |
| Defendant. | : | **APRIL 18, 2022** |

## COMPLAINT

**I.  JURISDICTION:**

1. Plaintiff James L. Sheldon is a citizen and resident of the State of Massachusetts.

2. Defendant DT Swiss AG (hereinafter "DT Swiss") is a foreign corporation headquartered in Biel, Switzerland.

3. The court has jurisdiction over the plaintiff's claims pursuant to 28 U.S.C. §§ 1332 (a) and 1367. Plaintiff and defendant are citizens of different countries and the amount in controversy on each claim exceeds $75,000.00 exclusive of interest and costs.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (a) in that the event at issue occurred in this district.

5. DT Swiss distributes, markets, solicits for sale and sells bicycles and related parts and accessories in the United States and for use to customers in the State of Connecticut.

6. DT Swiss advertised, marketed, solicited for sale and sold products to customers in the State of Connecticut and to customers in other states with the awareness that the products would be used within the State of Connecticut.

## II.   CLAIMS FOR RELIEF:

7. At all relevant times hereto, plaintiff was the owner and purchaser of a ratchet wheel mounting system that was manufactured, designed, assembled, marketed, distributed and sold by DT Swiss directly or by and through its agents, servants and/or assigns who operated within the course and scope of their employment.

8. At all relevant times hereto, DT Swiss was a product seller as that term is defined by Connecticut General Statutes § 52-572m(a), and "product manufacturer" as that term is defined by Connecticut General Statutes § 52-572m(d).

9. On or about September 29, 2019, the plaintiff was riding his bicycle in the area of 116 College Street in Old Saybrook, Connecticut, when suddenly and without warning the wheel mounting system broke, causing the front wheel to separate from the bicycle and the bicycle to crash into the ground, severely injuring the plaintiff.

10. The incident that caused the harm to the plaintiff was of a kind that does not ordinarily occur in the absence of a product defect and any defect most likely existed at the time the product left the manufacturer's and/or seller's control and was not the result of the reasonably possible causes not attributable to the manufacturer or seller.

11. In addition to and without limiting the allegations of Paragraph 8, above, a substantial factor in causing the plaintiff's injuries was DT Swiss's violation of Connecticut common law and statutes, specifically, Connecticut General Statutes §§ 52-572m through 52-572a in one or more of, but not limited to, the following ways in that the component of the bicycle that failed was:

      a.    improperly or inadequately designed;

      b.    improperly or inadequately manufactured;

    c.    improperly prepared for use;

    d.    improperly or inadequately assembled;

    e.    improperly or inadequately tested;

    f.    improperly or inadequately fabricated; and/or

    g.    manufactured or constructed or designed or prepared or assembled or fabricated or installed or tested or repaired or packaged or distributed without adequate or proper precautions to prevent it from causing injuries of the type suffered by plaintiff.

12. A substantial factor causing the malfunction of the bicycle and the injuries to the plaintiff was DT Swiss's negligent design, testing, manufacture, construction, preparation, assembling, distribution and/or sale of the bicycle component in question.

13. As a result, plaintiff suffered a loss of his earning capacity.

14. As a further result, the plaintiff has incurred hospital, surgical and other medical expenses all to his financial loss.

15. As a further result, plaintiff has suffered a loss of his ability to carry on and enjoy all of life's activities.

16. As a further result, plaintiff has endured life-altering injuries and pain and suffering associated with those injuries, including but not limited to:

    a.    traumatic brain injury with loss of consciousness and multicompartmental hemorrhage;

    b.    multiple fractures of right clavicle and scapula;

    c.    C4-C7 transverse process fractures;

    d.    right brachial plexus injury;

e. right arm paralysis;

f. multiple right rib fractures;

g. right lung contusion;

h. right thigh hematoma;

i. epidural hemorrhage throughout spinal column;

j. spasms/clonus;

k. cognitive impairment;

l. impaired mobility;

m. urinary dysfunction;

n. mental and physical pain and suffering; and

o. permanent injury.

WHEREFORE, the Plaintiff prays for the following relief:

1. Compensatory damages in excess of $75,000, plus costs;

2. Punitive damages as appropriate under the Connecticut Product Liability Act (Conn. Gen. Stat. § 52-240b);

3. Such other relief as the Court deems appropriate or to which the plaintiff is entitled by law.

THE PLAINTIFF

By _____
William M. Bloss (ct01008)
J. Craig Smith (ct26662)
Koskoff Koskoff & Bieder, P.C.
350 Fairfield Avenue
Bridgeport, Connecticut 06604
Tel.: 203-336-4421
Fax: 203-368-3244
bbloss@koskoff.com
csmith@koskoff.com